**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 29, 2007**

**TENTH CIRCUIT**

---

VERNON JOSEPH TURLEY,

      Petitioner-Appellant,

    v.

AL ESTEP, Limon Correctional
Facility, Warden; COLORADO
ATTORNEY GENERAL,

      Respondents-Appellees.

No. 06-1341
(D. Colorado)
(D.C. No. 06-CV-00372-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR,** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Vernon J. Turley seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas petition he

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). In his petition, filed on March 3, 2006, Turley attacks the validity of a 1976 Colorado conviction for conspiracy to commit burglary, alleging (1) his rights to due process and equal protection were violated because the trial court did not advise him of the consequences of his guilty plea, (2) his First Amendment right to access the courts was violated because the court's actions caused him to relinquish his right to file a direct appeal, and (3) the sentence he received exceeded the sentence set forth in the plea agreement. The petition was referred to a magistrate judge who ordered Turley to show cause as to why it should not be dismissed as untimely. *See* 28 U.S.C. § 2244(d) (setting forth a one-year statute of limitations for § 2254 applications); *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (holding prisoners whose state convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act have one year from April 24, 1996, to file a federal habeas petition).

Turley responded to the show cause order, arguing a post-conviction motion he filed in a different matter tolled the one-year limitation period applicable to the 1976 conviction. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

-2-

counted toward any period of limitation under this subsection."). The district court considered Turley's argument but dismissed his petition as untimely.

After reviewing the record in this case, we conclude we do not have jurisdiction to consider Turley's § 2254 application. Turley asserts he was sentenced to an indeterminate term of one-to-five years' incarceration on the 1976 conviction he seeks to attack in this habeas matter. Because the sentence he received for the 1976 conviction has expired, Turley is no longer "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (stating a § 2254 habeas petitioner whose sentence has expired is no longer "in custody" for that conviction, even if it was used to enhance his current sentence); *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 399, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his [prior state] convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").

Accordingly, we **grant** Turley's request for a COA, **grant** the motion to proceed in forma pauperis, and **dismiss** the appeal for lack of jurisdiction. We **remand** to the district court with instructions to vacate its judgment and dismiss the matter for lack of jurisdiction.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge
